Hillsborough, }
June 21, 1938. }

BERTHE L. MOREAU, *Ex'x, & a. v.* HARRY E. LOVEREN *& a.*

*Chretien & Craig* (by brief), for the plaintiffs.

*Paul J. Doyle* (by brief), for the defendant DeChamplain.

*Per Curiam.* The stock assigned to Berthe's testate by the defendant had been previously assigned by him to another party to be held in trust pending the ascertainment of certain facts. The evidence tended to show that the trust had terminated by the time of the later assignment. A period of seven years intervened between the two assignments. The later assignment was made in 1917, and so far as appears, neither the assignee of the first assignment, now deceased, nor anyone interested in his estate has sought to enforce any rights in respect to the stock. His heirs have defaulted and thus disclaimed any interest in it. A finding that the trust had terminated and lapsed through inattention for over twenty years was reasonable, if not compelled. The point taken that the finding might not be made because the court lacked jurisdiction over the trust is too captious and frivolous to require attention.

Moreover, the defendant is estopped from disputing the validity of the assignment to Berthe's testate. Whether or not it was sub-

ject to the prior assignment when it was given, it assigned such rights as the defendant had in the stock. The claim that the prior assignment was effective to render the later one void is not one that he may equitably make. His assertion of ownership implicit in the later one bars him from now repudiating his title, as of its date.

The evidence of the defendant's signature to the later assignment was sufficient to prove it. One witness testified to its similarity with other signatures of the defendant except for the abbreviation of the first name of Jos. for Joseph. This witness was familiar with the defendant's handwriting. Another witness testified that the signature resembled a large number of the same name signed on checks as an officer, either president or treasurer, of a corporation of which the defendant was then the president. A finding that he signed the checks as such president would not be conjectural. It had been the duty of the witness as a bank employee to examine the signatures on the checks when they were charged against the corporation's account, and the inference that they were the defendant's is sustainable, if not required.

*Decree affirmed.*